NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-206-JBC

IN RE:  NORMAN DAVID SOMERVILLE

**MEMORANDUM OPINION AND ORDER**

\*\*   \*\*   \*\*   \*\*   \*\*   \*\*

Norman David Somerville, who is incarcerated in the Federal Medical Center ("FMC"), in Lexington, Kentucky, has submitted a *pro se* "Petition . . . Requesting Depositions to Perpetuate Testimony before a Bivens Action is Filed," pursuant to Federal Rule of Civil Procedure 27.  The Court has construed the initial pleading as initiating a civil action under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Plaintiff has now paid the District Court filing fee for a civil action.

This matter is before the Court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).  In the Court's screening, *pro se* pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

FACTUAL ALLEGATIONS

Plaintiff alleges that he authored a book titled *Unmistakable Tyranny*, which proved so successful that in 2007, a third edition was published. That later edition included a new section, entitled "Petition for Impeachment of Named United States Judges," naming 24 judges who should be impeached. One of these Judges, Thomas Nelson, of the United States District Court for the District of Idaho, contacted the U.S. Marshals Service, and on July 3, 2007, after the material was faxed to Lexington, a local investigation was initiated.

Somerville complains that he was immediately subject to "prejudicial action" by persons in the Federal Bureau of Prisons ("BOP") at FMC-Lexington, including special screening of his outgoing mail and placement in the Special Housing Unit, which was painfully cold. Eventually, on August 14, 2007, he was allegedly "fired from his job as a Clerk in the Law Library and placed in Food Service where his Housing Unit Managers Mr. Kenny Coleman and Mr. Pitt and or [sic] the Warden . . . have ordered that he will remain indefinitely."

Plaintiff alleges that when he became depressed because of these events, he spoke with a BOP officer, Lt. Bill Trimble, who began his own investigation. Trimble is alleged to have told him later that the job transfer was in retaliation for his exercise of his writings. Somerville also began his own investigation through the Freedom of Information Act ("FOIA"). The documents obtained through FOIA and from his pursuit

of the BOP administrative remedy process purportedly provide "compelling evidence" to prove the job loss was, indeed, retaliatory.

However, Plaintiff swears, other BOP staff members have told him that his job reassignment was not punitive. They contend either that the reassignment was only one of many made to relieve a manpower shortage in the prison's Food Service Department or that the reassignment was because the Law Library no longer needed him. Plaintiff maintains that these reasons are false and a cover-up, as he was actually fired in retaliation for his writings.

Somerville states that he has exhausted the BOP Administrative Remedies "in at least four completed Remedy proceedings" and is currently completing the remaining one. He provides copies of documents from BOP Administrative Remedy Nos. 471568, 471972, 474762, 475349, and 484345. He claims both that persons involved in that process are not proceeding correctly and also that he is close to the end of the process, anticipating that "the BOP will complete Responses to the remaining Remedy #No. 484345-F2 within two to six months."

## RULE 27

Somerville claims that he should be permitted to take depositions prior to filing a lawsuit on these facts, under Federal Rule of Civil Procedure 27(a).

Rule provides in pertinent part as follows:

**(a)** *Before an Action Is Filed*.

(1) **Petition**. A person who wants to perpetuate testimony about any matter cognizable in a United States court may

3

>file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
>>(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>>(B) the subject matter of the expected action and the petitioner's interest;
>>(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>>(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>>(E) the name, address, and expected substance of the testimony of each deponent.
>
>**(2) Notice and Service**. At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. . . .
>
>**(3) Order and Examination**. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. . .
>. . .

Fed.R.Civ.P. 27(a)(1)-(3).

Somerville contends that he has satisfied all five sections of Rule 27(a)(1)(A)-(E) and is, therefore, entitled to perpetuate the testimony of the persons requested.  The

4

first two requirements, in subsections (a)(1)(A) and (B), are purportedly satisfied by his first setting out the allegations which are the factual basis of a future action and then explaining that he cannot bring a civil rights action yet because he has not yet exhausted the BOP administrative process, a pre-condition to a prisoner's filing a civil rights action. When all of his administrative remedies have been exhausted, Somerville swears, he intends to file a *Bivens* action for "substantial monetary damages," based on violation of his First Amendment rights and on the retaliatory measures taken against him.

Satisfying (a)(1)(D) requires only the naming of the opponents in that future action. The Plaintiff names four intended Defendants: David A. Meyer, a Judicial Security Inspector with the U.S. Marshal Service in Boise, Idaho, who contacted the local authorities to initiate an investigation; and three FMC-Lexington employees, Warden Stephen M. Dewalt and Housing Unit Managers Kenny Coleman and Mr. Pitt.

With regard to the persons whom he wants to depose, as required in Rule 27(a)(1)(E), he lists two FMC-Lexington staff members under whom he worked in the law library, Donna Shepherd and Kristi Collins, and Lt. Trimble. As to "the facts that the petitioner wants to establish by the proposed testimony," required in Rule 27(a)(1)(C), Somerville states that these three deponents will establish that he was a good library employee; the library was understaffed when he was fired; the reasons given for his dismissal from that job are false; the real reason was to retaliate against

5

him for his writings; and "Dewalt and or Housing Unit Manager Kenny Coleman or others did in fact order Somerville's termination from his job."

The final requirement for the petition under Rule 27 (a)(1) is that the one seeking to take the depositions set out "the reasons to perpetuate" the testimony of these deponents now, rather than after filing the planned lawsuit. Fed.R.Civ.P. 27(a)(1)(C). Somerville first states that he wants to depose the three named witnesses "while the matters are still fresh in their minds . . . ," not later, because his *Bivens* action may not be brought until the last administrative remedy response is made, which could be anywhere from two to six months from now. Additionally, he argues, the statute of limitations would run at approximately the same time as he may be released, in 2009 or sooner, and permitting the depositions now "serves the ends of justice by acquiring testimony while the events are still as recently remembered as possible."

### DISCUSSION

While the instant petition conforms to the Rule as to form, it has a more fundamental problem. Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be "an abuse of the rule." Wright, Miller & Marcus, *Federal Practice and Procedure,* § 2071 at 651-652. Therefore, to the extent that Somerville wants to find out which person issued the directive to terminate him from his job, Dewalt, Coleman, or someone else, the use of Rule 27 is not

appropriate. "It has long been established that 'perpetuation' means the perpetuation of known testimony and that Rule 27 may not be used as a substitute for discovery to determine if a cause of action exists." *Application of Checkosky*, 142 FF.R.D. 4, 7 (D.D.C. 1992) (citing *Ash v. Cort*, 512 F.2d 908, 912 (3rd Cir. 1975)).

Rather, Rule 27 petitioners must know what the deponent will say and "make a particularized showing that the testimony needs to be taken in advance of the contemplated action." *Id.* at 7 (citing cases). The use of Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost." *Ash,* 512 F.2d at 911. Rule 27 applies to situations in which "for one reason or another, testimony might be lost to a prospective litigant unless taken immediately." *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y. 1943).

Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints. *See, e.g., Texaco, Inc. v. Borda,* 383 F.2d 607 (3rd Cir.1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc*., 139 F.R.D. 68 (M.D.Pa.1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be kept); *In re Sims,* 389 F.2d 148, 150 (5th Cir.1967) (potential deponent was imminently departing for Peru).

In the absence of special circumstances, however, Rule 27 petitions ordinarily have been denied. *See Checkosky,* 142 F.R.D. at 7-8 (General concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action.); *Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 976 (11th Cir.1985), *cert. denied,* 474 U.S. 1082 (1986) (Rule 27 petition denied which alleged only that witnesses were not "immune from matters of life (and death)" and that petitioner was "genuinely concerned" that documents could be destroyed).  The instant case falls into this category.

In short, Somerville has made no showing that the testimony he seeks to perpetuate is in any danger of being lost if depositions of the named individuals are not immediately taken.  Therefore, he fails to meet the requirements of Fed.R.Civ.P. 27(a)(1)(C).  Additionally, he fails to reach the threshold which this Court must have to grant the petition and permit the requested depositions.  Rule 27(a)(3) requires the Court to find that "the perpetuation of the testimony may prevent a failure or delay of justice."   Fed.R.Civ.P. 27(a)(3).

"To satisfy the court that the testimony is needed to protect against a failure or delay of justice, the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony." *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007).  The instant petitioner having failed to carry this burden under Rule 27 and the court being advised,

**IT IS ORDERED** that Norman David Somerville's Petition Requesting Depositions to Perpetuate Testimony, pursuant to Federal Rule of Civil Procedure 27(a), is **DENIED**, this action shall be **DISMISSED**, *sua sponte*, and a contemporaneous Judgment shall be entered against the Plaintiff.

Signed on June 20, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY